### NATIONAL LABOR RELATIONS BOARD v. RED RIVER LUMBER CO.

No. 9093.

Circuit Court of Appeals, Ninth Circuit.

March 9, 1940.

For former opinion see 109 F.2d 157.

Charles Fahy, General Counsel, Robert B. Watts, Associate General Counsel, Malcolm F. Halliday, Asst. General Counsel, Richard A. Perkins, Atty., and Sylvester Garrett, Atty., all of Washington, D. C., all of the National Labor Relations Board, for petitioner.

J. Paul St. Sure, of Oakland, Cal., Bartley C. Crum, of San Francisco, Cal., and Edward H. Moore, of Oakland, Cal., for respondent.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

PER CURIAM.

■ Upon the submission of the motion to strike out certain portions of the petition of the National Labor Relations Board charging the Red River Lumber Company with contempt in failing to carry out the enforcement order heretofore issued by this court, and in committing affirmative acts in disobedience thereof, we held that the complaint was insufficient to charge any contempt other than that concerning the order for reinstatement with back pay of Payne and Kougianos. We gave opportunity for filing additional evidence by the Board and by the respondent with relation to these latter charges. Instead of availing itself of this opportunity the National

Labor Relations Board has asked leave to withdraw these latter charges without prejudice and in conformity with that request such an order has been made. We had not made a final order in the matter at the time of the withdrawal by the Board of the charges with relation to Payne and Kougianos. In view of that withdrawal it is appropriate now to determine whether or not there should be any further hearing and, if not, the character of the order to be made.

 In the opinion heretofore filed we have clearly expressed our view with reference to the matters now remaining in the petition charging the Red River Lumber Company with contempt. The allegations are not sufficient to sustain the charge of contempt. The appropriate order therefore is one dismissing the application for an order adjudging the company to be in contempt and for an appropriate remedial order. In this connection it should be said that a petition by the Board for rehearing has been filed wherein it seeks a reconsideration of the matters already disposed of in the opinion heretofore filed. This petition would be appropriately filed after a decision of the case on its merits but in view of the fact that the only question remaining in the case is whether or not we should reconsider our former ruling, we have examined the petition for rehearing and find it to be without merit.

The petition for rehearing is denied and the petition for adjudication of contempt is dismissed.